490 So.2d 129 (1986)
William Stanley HOGGART, Appellant/Petitioner,
v.
Louie L. WAINWRIGHT, Secretary of the Department of Corrections, Appellee/Respondent.
Nos. BL-281, BK-202.
District Court of Appeal of Florida, First District.
May 15, 1986.
Rehearing Granted June 27, 1986.
William Stanley Hoggart, pro se.
Patricia Connors, for appellee/respondent.
PER CURIAM.
Hoggart filed an untimely notice of appeal of an order denying his motion for *130 post conviction relief. That case was docketed by our clerk's office as Case No. BK-202. Thereafter, appellant filed a petition for writ of habeas corpus seeking belated appeal, correctly pointing out that the order denying his motion for post conviction relief failed to inform him that he had a right to appeal within 30 days. That case was docketed as Case No. BL-281. A show cause order was entered and state responded admitting that appellant is entitled to belated review of the order denying his motion for post conviction relief. Therefore, the petition for writ of habeas corpus seeking belated appeal is granted.
In response to the show cause order, state also admitted that the appealed order is clearly erroneous. In his motion for post conviction relief, appellant alleged that he had received ineffective assistance of trial counsel. The trial court denied the motion in part because Fla.R.Crim.P. 3.850 "does not authorize relief based upon grounds which could have or should have been raised at trial, and if properly preserved, on direct appeal of the judgment and sentence." Allegations of ineffective assistance of trial counsel cannot generally be raised on direct appeal, but are properly determined by the trial court pursuant to a motion for post conviction relief. Jacobs v. Wainwright, 450 So.2d 200 (Fla. 1984). Although state admits error in the appealed order, it suggests that the most expeditious proceeding at this point is to dismiss the habeas petition and remand the appeal to the trial court for reconsideration of the motion for post conviction relief. If state uses the term "remand" interchangeably with "relinquishment of jurisdiction", leaving the appeal pending in this court, we decline the suggestion. Instead, we reverse the order of the trial court denying the motion for post conviction relief and remand with instructions that the trial court consider the motion anew and either hold an evidentiary hearing or attach such portions of the record that show that appellant is not entitled to relief.
ERVIN, WENTWORTH and JOANOS, JJ., concur.