MILLS, Judge.
Seago appeals from the summary denial of his motion for post-conviction relief, filed pursuant to Rule 3.850, Fla.R.Crim.P. We reverse and remand with instructions that the trial court attach such portions of the record as show that Seago is not entitled to relief.
On 12 July 1985, Seago was sentenced in Duval County to nine years incarceration. The sentence was imposed pursuant to a plea bargain, the terms of which are stated by Seago to be that, if sentences were imposed against Seago in any of three named counties (including Pinellas and Hillsborough Counties, Florida), which sentences were to run consecutively to the Duval County sentence, the Duval County court would “correct” its sentence so as to effectively run all sentences concurrently.
On 24 February 1986, Seago was sentenced in Pinellas County to three concurrent three-year terms, to run consecutively to the Duval County sentence. On 28 February, he was sentenced in Hillsborough County to a three-and-a-half-year term, also to run consecutively to the Duval County sentence. Seago proceeded to file in Duval County a motion to correct sentence to conform to the plea bargain; Seago alleges that the sentence was corrected only with regard to the Pinellas County sentence.
On 1 July 1986, Seago evidently filed a second motion seeking correction with regard to the Hillsborough County sentence, which motion was denied as untimely. The denial resulted in the filing of the instant Rule 3.850 motion on 17 July, again seek *980 ing correction of the sentence. The motion was denied by order of 22 July, in which the court stated:
Mr. Seago has had a hearing personally before the court with respect to a 3.850 motion. He was granted relief. There is no further relief to which he is entitled.
No transcript of the hearing referred to has been provided, nor is any portion of the record attached to the order indicating the basis of the action taken by the trial court.
The court’s 22 July order is susceptible of two interpretations: 1) that the court held a hearing on the instant motion and granted the correction sought, and 2) that, aside from the relief granted earlier with regard to the Pinellas County sentence, Seago is entitled to no further relief. This ambiguity can be resolved by the simple expedient of the attachment by the trial court of those portions of the record reflecting either that Seago was granted the relief sought in his 17 July motion, or is not entitled to that relief. To obtain further review in this cause, Seago must appeal any new ruling of the trial court upon remand. See Williams v. State, 495 So.2d 921 (Fla. 4th DCA 1986); Hoggart v. Wainwright, 490 So.2d 129 (Fla. 1st DCA 1986).
Reversed and remanded.
BOOTH, C.J., and THOMPSON, J., concur.