741 So.2d 1153 (1999)
Robert ORTIZ, Petitioner,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, Respondent.
No. 98-2932.
District Court of Appeal of Florida, First District.
August 25, 1999.
Robert Ortiz, pro se.
Robert A. Butterworth, Attorney General; and Caryl S. Kilinski Assistant Attorney General, Tallahassee, for Respondent.

OPINION ON MOTION FOR REHEARING OR CLARIFICATION
BROWNING, J.
Respondent's motion for rehearing or clarification is granted to the extent that *1154 we clarify our opinion as set forth herein. In all other respects, the motion is denied, although this disposition is without prejudice to respondent's right to present its arguments to the circuit court in the course of the proceedings on remand. We withdraw our earlier opinion, dated June 22, 1999, and substitute the following.
Robert Ortiz (Ortiz) seeks review by writ of certiorari of an order of the circuit court denying his petition for writ of mandamus. That petition challenged a Department of Corrections ("DOC") disciplinary proceeding in which Ortiz was found guilty of possessing marijuana and was penalized by disciplinary confinement and forfeiture of gain-time. The circuit court denied the petition as untimely, adding that the exhibits appended thereto were sufficient to demonstrate that all due process requirements were met in the challenged disciplinary proceeding. We disagree, quash the circuit court's decision, and remand for further proceedings consistent with this opinion.
Pursuant to Florida Rule of Appellate Procedure 9.100(c)(4), a petition challenging an order of DOC entered in a prisoner disciplinary proceeding must be filed within 30 days of rendition of that order. Similarly, section 95.11(8), Florida Statutes, requires that a court action challenging a prisoner disciplinary proceeding must be commenced within 30 days after final disposition of the proceeding through the administrative grievance process under chapter 33, Florida Administrative Code.
In this case, Ortiz alleges that he placed his petition for writ of mandamus in the prison mail on May 20, 1997, and the circuit court's order reflects that it was received on May 27, 1997. In his petition, Ortiz essentially complained that his due process rights had been violated in that DOC officials had refused his request to have the alleged marijuana or the written test results concerning that substance produced at his disciplinary hearing. Attachments to his petition showed that the response to Ortiz's final grievance concerning the disciplinary action at issue was dated on April 11, 1997, but on the face of the record before us, the only evidence arguably establishing the date of rendition of this response is another document signed by "J. M. Stewart, Clerk," stating that "[t]he grievance in question was received and issued to you on April 30, 1997." Nonetheless, and despite the fact that respondent did not challenge the timeliness of the petition in its response below, the circuit court denied Ortiz's petition based on a finding that it was "filed over 30 days after rendition of the Department's order, and thus is untimely." The circuit court further opined that Ortiz was "afforded all the procedural due process required...." This review ensued.
As the circuit court's order suggests, the timeliness of an inmate petition challenging a prison disciplinary proceeding is dependent upon the date of rendition of the "order" constituting final disposition of the inmate's grievances concerning the proceeding. "Rendition" is defined by Florida Rule of Appellate Procedure 9.020(a), as follows:
(h) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal.
(emphasis added).
"Clerk" is defined by Florida Rule of Appellate Procedure 9.020(b), as follows:
(b) Clerk. The person or official specifically designated as such by the court or lower tribunal; if no person or official has been specifically so designated, the official or agent who most closely resembles a clerk in the functions performed.
In this case, there is no competent evidence in the record establishing the date on which the response to Ortiz's final grievance was actually rendered by filing with the agency clerk. Although an entry on the grievance form indicates that the response was completed on April 11, 1997, that does not establish the date of rendition *1155 of the response, particularly where the 19-day delay in petitioner's receipt of the response suggests that actual rendition may have occurred well after April 11, 1997. Accordingly, we grant the petition for writ of certiorari, quash the order under review, and remand to the circuit court with directions to conduct such further proceedings as are necessary to determine who is the respondent's clerk under Rule 9.020(b), and to ascertain the date the grievance order at issue was filed with the clerk and thereby "rendered" for appellate purposes. See generally, Speed v. Florida Department of Legal Affairs, 387 So.2d 459 (Fla. 1st DCA 1980).
Should the circuit court find that Ortiz's petition was filed within thirty days of the filing of the grievance response with the clerk, as opposed to the date the response was presumably completed, the circuit court is then directed to reconsider the merits of petitioner's substantive claim in light of Osterback v. Singletary, 679 So.2d 43 (Fla. 1st DCA 1996), and other applicable precedents.
Writ GRANTED, order QUASHED and REMANDED for further proceedings with instructions.
BARFIELD, C.J., and LAWRENCE, J., CONCUR.