747 So.2d 1003 (1999)
Percy L. McDUFFY, Petitioner,
v.
Michael W. MOORE, Secretary, Department of Corrections, Respondent.
No. 98-01961.
District Court of Appeal of Florida, Second District.
December 8, 1999.
Percy L. McDuffy, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph H. Lee, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Percy L. McDuffy, a dedicated sports fan at Hardee Correctional Institution, appeals an order denying his petition for *1004 mandamus. The trial court denied Mr. McDuffy's petition on the ground that it was untimely filed. We treat this appeal as a petition for writ of certiorari, and quash the trial court's order.
The petition alleged that the Department of Corrections (the Department) had unfairly imposed a sixty-day loss of gain time and thirty days of disciplinary confinement because Mr. McDuffy incited the prisoners in his ward to remain in the day room to watch the conclusion of the sixth and final game of the NBA national championship on June 13, 1997. Near the end of the game, a correctional officer in charge of the day room had ordered the prisoners to return to their cells and secure the doors for a routine evening inmate census.[1] For his conduct, Mr. McDuffy was charged with attempting to incite a riot. He was found guilty on June 19, 1997, by the disciplinary hearing team at the prison. He appealed this disciplinary action pursuant to Florida Administrative Code Rule 33-29.007 all the way to the Secretary of the Department of Corrections. The secretary's representative denied this appeal and signed the denial on August 4, 1997. The order of denial, however, was not placed into the Department's internal mail system until August 12, 1997, as reflected by a date stamp on the face of the order. Mr. McDuffy's mandamus petition was filed in the circuit court on September 9, 1997. The circuit court ruled that the petition was untimely, measuring the thirty days for appeal from August 4, 1997.
Initially, we hold that direct appeal is not the proper vehicle for this court to review the trial court's order. In Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla.1998), the Supreme Court of Florida announced that inmates are not entitled to a plenary appeal when the trial court denies a mandamus petition concerning an action of the parole commission. The supreme court concluded that once the circuit court has fully reviewed the actions of the parole commission via mandamus, the district court should not review the same matter again under the same standard of review. The supreme court held that certiorari was the proper mechanism for the district court to review denials of such petitions. In Doss v. Florida Department of Corrections, 730 So.2d 316 (Fla. 4th DCA 1999), the Fourth District extended the principle of Sheley to mandamus petitions addressing disciplinary actions of the Department. We agree with Doss.
The facts of this case are very similar to those in Ortiz v. Moore, 741 So.2d 1153 (Fla. 1st DCA 1999). Like Ortiz, the written denial in this case does not reflect if or when the denial was filed with the agency's clerk. Under Florida Rule of Appellate Procedure 9.020(a), an order is not rendered until "a signed, written order is filed with the clerk of the lower tribunal." The term "clerk" is defined by Florida Rule of Appellate Procedure 9.020(b) to mean "[t]he person or official specifically designated as such ... [or] if no person or official has been so designated, the official or agent who most closely resembles a clerk in the functions performed." Under the Florida Rules of Appellate Procedure, Mr. McDuffy had thirty days from the date the order was rendered to file an appeal.
We doubt that the trial court will need to conduct an evidentiary hearing comparable to the hearing required in Ortiz to determine the date this order was rendered. At the time Mr. McDuffy's grievance was denied, rule 33-29.007(8) governed the process by which the Department handled orders disposing of appeals made to the secretary. The rule required the Department to mail an order on the same day that it was date *1005 stamped. The rule also provided that "[t]he time period for appeal begins to run on the date the response is stamped and mailed."[2] We recognize that the Department had no authority to alter the time for appeal provided by law or to disregard the requirement of rendition. Nevertheless, this published regulation provided incorrect and misleading information to prisoners. Just as a prisoner has an opportunity to file a belated appeal from an order denying postconviction relief when the trial court's order fails to contain the mandatory notification of the thirty-day period for appeal, a prisoner whose notice of appeal was timely filed under the Department's own incorrect regulation should have the opportunity to seek belated review of the order. See Fla. R.Crim. P. 3.850(g); Darden v. State, 588 So.2d 275 (Fla. 2d DCA 1991); Hoggart v. Wainwright, 490 So.2d 129 (Fla. 1st DCA 1986).
Petition granted, order quashed, and cause remanded.
PARKER, A.C.J., and NORTHCUTT, J., Concur.
NOTES
[1] History records that the Chicago Bulls beat the Utah Jazz that night by a score of 90 to 86. Michael Jordan scored 39 points and had 11 rebounds in that final game. However, with the score tied and 27 seconds remaining, a double-teamed Jordan passed the ball to teammate Steve Kerr, who sunk a 17-foot shot, allowing the Bulls to win their fifth championship in seven years. No other basketball fans on earth went willingly to their bedrooms before the end of the game.
[2] In 1998, after Mr. McDuffy's grievance was denied, the Department of Corrections amended rule 33-29.007 to clarify when an order is filed with the agency's clerk. See Fla. Admin. Weekly, Vol. 24, No. 29, 3727 (July 17, 1998). The amendment brought rule 33-29.007 in line with the Florida Rules of Appellate Procedure by providing that an order is deemed filed with the agency clerk on the date that it is stamped and mailed. Under this amended version of rule 33-29.007, the date the order is mailed is also the date the order is rendered.