ORFINGER, J.
Craig A. Savery seeks certiorari review of a circuit court order dismissing his petition seeking a writ of mandamus. Savery, an inmate, was administratively punished by the Department of Corrections (D.O.C.) for possession of narcotics. After his initial appeal to the prison superintendent was denied, he requested a second administrative review by the Secretary of the Department of Corrections, as authorized by D.O.C. rules. In an order dated March 24, 2004, but not filed until March 29, 2004, the Secretary concluded that Savery’s request for a second review was untimely because D.O.C. received the request more than fifteen days from the denial of the prior administrative appeal. See Fla. Admin. Code 33-103.011(l)(b). Savery then filed a petition for writ of mandamus in the circuit court, seeking to compel the Secretary to exercise his jurisdiction and consider his appeal on the merits. The circuit court denied Savery’s petition as untimely, concluding that it was filed more than *440 thirty days after disposition of the disciplinary proceedings. See § 95.11(8), Fla. Stat. (2004). We disagree, quash the circuit court’s order, and remand for further proceedings.
Pursuant to Florida Rule of Appellate Procedure 9.100(c)(4), a petition challenging a D.O.C. order entered in a prisoner disciplinary proceeding must be filed within thirty days of rendition of that order. See also § 95.11(8), Fla. Stat. (2004); Ortiz v. Moore, 741 So.2d 1153 (Fla. 1st DCA 1999). Rule 9.020(h) defines “rendition” as follows:
(h) Rendition (of an Order). An order rendered when a signed, written order is filed with the clerk of the lower tribunal. ...
(Emphasis added). Rule 9.020(b) defines “clerk” as follows:
(b) Clerk. The person or official specifically designated as such by the court or lower tribunal; if no person or official has been specifically so designated, the official or agent who most closely resembles a clerk in the functions performed.
Here, D.O.C. concedes that the Secretary’s March 24, 2004 order, which refused to consider Savery’s administrative appeal, was not rendered as defined by the rule until March 29, 2004. As a result, Sav-ery’s petition for writ of mandamus, filed in the circuit court on April 27, 2004, was timely. See § 95.11(8), Fla. Stat. (2004); Fla. RApp. P. 9.100(c)(4).
We quash the circuit court’s order dismissing Savery’s petition for writ of mandamus and remand for further proceedings. In doing so, we express no opinion concerning the merits of the petition that Savery filed in the circuit court or with the Secretary of D.O.C.
PETITION GRANTED; ORDER QUASHED, CAUSE REMANDED.
SAWAYA, C.J. and PETERSON, J., concur.