970 So.2d 362 (2007)
William HALE, Appellant,
v.
James R. McDONOUGH, Secretary of the Florida Department of Corrections, Appellee.
No. 3D07-157.
District Court of Appeal of Florida, Third District.
October 3, 2007.
Rehearing Denied November 21, 2007.
*363 William Hale, in proper person.
Bill McCollum, Attorney General, and Linda Horton Dodson, Assistant Attorney General, for appellee.
Before WELLS and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
We adopt the lower court's opinion and decision dismissing the appellant's application for mandamus:
FINDINGS OF FACT
Hale [is] a prisoner within the Florida Department of Corrections ("FDOC") seeking to restate [sic] withheld and/or forfeited gain time which resulted from disciplinary actions by FDOC. Hale's original Petition challenges disciplinary report number XXX-XXXXXX written on November 16, 2005. Hale was found guilty of the charge at a disciplinary hearing held on November 23, 2005. Hale has exhausted his administrative remedies as required. Hale filed a formal grievance with the warden which was denied on December 23, 2005. Hale then filed an appeal with the Secretary of the Florida Department of Corrections ("Secretary"), which was dismissed as time barred on [January 23], 2006.
Hale's first supplemental Petition challenges disciplinary report number XXX-XXXXXX written on December 9, 2005. Hale was found guilty of the charge at a disciplinary hearing held on December 13, 2005. Hale has exhausted his administrative remedies as required. Hale filed a formal grievance with the warden which was denied on December 27, 2005. Hale then filed an appeal with the Secretary which was denied on February 14, 2006.
Hale's second supplemental Petition challenges disciplinary report number XXX-XXXXXX written on December 9, 2005. Hale was found guilty of the charge at a disciplinary hearing held on December 15, 2005. Hale has exhausted his administrative remedies as required. Hale filed a formal grievance with the warden which was denied on December 27, 2005. Hale then filed an appeal with the Secretary which was denied on February 14, 2006.
Each of Hale's Petitions was received and file-stamped by the Clerk of this Court on April 21, 2006. In addition to the Petitions, Hale also filed [a Notice to the Court,] a Notice to the Court of Reasons for Untimely Filing of [the 2 Supplements] ("Notice"), and a Motion to Proceed Without [Pre]payment of Fees [and Affidavit] ("Motion") each of which also was file-stamped as received on April 21, 2006.
APPLICABLE LAW AND CONCLUSIONS
Florida Statute § 95.11(8) governs when an action challenging a correctional institution's disciplinary proceedings against an inmate must be filed and states:
Any court action challenging prisoner disciplinary proceedings conducted by the Department of Corrections pursuant to s. 944.28(2) must be commenced within 30 days after final disposition of the prisoner disciplinary proceedings through the administrative grievance process under chapter 33, Florida Administrative Code. Any action challenging prisoner disciplinary proceedings *364 shall be barred by the court unless it is commenced within the time period provided by this section.
Similarly, Florida Rule of Appellate Procedure 9.100(c)(4), requires that a petition challenging an order of the Department of Corrections entered in prisoner disciplinary proceedings shall be filed within thirty (30) days of rendition of the order to be reviewed. Pursuant to 9.020(a)(h) Fla. R.App. P., an order is deemed to be rendered when a signed, written order is filed with the clerk of the lower tribunal. See also Ortiz v. Moore, 741 So.2d 1153, 1154 (Fla. 1st DCA 1999).
As provided in 33-103.007(8)(a), Florida Administrative Code, the final response of the Secretary "shall be stamped "MAILED/FILED WITH AGENCY CLERK" along with the date mailed; the response shall be mailed on the same date that it is stamped. The response is deemed filed with the agency clerk on the date that it is stamped and mailed. The time period for appeal begins to run on the date that the response is stamped and mailed." The Secretary's final disposition in each of these cases was rendered on [January 23, 2006, or] February 14, 2006, as evidenced by the required mailed/filed date stamps.
Hale's thirty (30) day time for filing each of his Petitions began to run on [January 23, 2006, or] February 14, 2006. In order to be deemed timely, the Petitions must have been filed on or before [February 22, 2006, or] March 16, 2006. Each Petition was file stamped as received by the Clerk of this Court on April 21, 2006, well beyond the time limitation for filing of the Petitions.
Since a prisoner loses control of a document after placing it in the hands of prison officials for mailing, a "mailbox rule" has been established which deems that a prisoner's pleadings are deemed to be filed when delivered to any agent of the state for mailing. See Haag v. State, 591 So.2d 614 (Fla.1992). Further, there is a presumption that a prisoner's pleadings containing a certificate of service showing the date it was placed in the hands of the prison officials for mailing is timely filed, if it would have been timely filed had it been received and file-stamped by the court on the date contained in the certificate of service. See Griffin v. Sistuenck, 816 So.2d 600 (Fla.2002); Thompson v. State, 761 So.2d 324 (Fla.2000); Fla. R.App. P. 9.420(a)(2).
Hale's Petitions, Motion and Notice do not contain any type of certificate of service on which a filing date may be presumed. Hale's original Petition contains the hand-written dates of both February 16, 2006 and April 19, 2006 on page twenty-five, however, neither date is contained in a certificate of service. The only indication when any of the pleadings were placed in the hands of the prison officials for mailing is a file-stamp contained on page two of the Motion which indicates it was received by Dade Correctional Institution on April 19, 2006. It appears from the face of the documents, since the April 19, 2006 date is both hand-written by Hale and date-stamped by the prison, that the presumed "mailbox rule" filing date is April 19, 2006. This date is well outside the jurisdictional thirty (30) day time limitation provided for by both Florida Statutes and the Florida Rules of Appellate Procedure.
Hale acknowledges in both of his supplemental Petitions that they were not filed within the thirty (30) day filing limitation. Hale attempts to fault the prison for the untimely filing. Further, Hale's Notice appears to seek to have *365 this court accept his Petitions as timely filed. There is no authority for this court to extend the time for filing. The Rules of Appellate Procedure only provide for the granting of belated appeals in criminal matters. The proceeding on which Hale's Petitions are filed are civil in nature, thus this court is without authority to grant a belated filing. See Hollingsworth v. Szczecina, 731 So.2d 790 (Fla. 1st DCA 1999).
The Court is without jurisdiction to consider Hale's Petitions. The Petitions are time barred as they were filed more than thirty (30) days after the final disposition of his disciplinary proceedings to the Secretary. A proceeding that is not initiated within the applicable jurisdictional time limit is subject to dismissal. Miami-Dade County v. Peart, 843 So.2d 363 (Fla. 3d DCA 2003); International Studio Apt. Assn. v. Sun Holiday Resorts, Inc., 375 So.2d 335 (Fla. 4th DCA 1979).
Affirmed.