PER CURIAM.
Inmate Shannon Whitfield appeals the order dismissing his petition for writ of mandamus challenging the disciplinary action taken against him by the Department of Corrections (Department). The circuit court dismissed the petition for failure to exhaust administrative remedies. We affirm the dismissal order on the basis that the petition was not timely filed in the circuit court.
In February 2011, Whitfield was issued a disciplinary report for possession of marijuana. He was found guilty of the offense after a disciplinary hearing, and as a result, he received 60 days in disciplinary confinement and lost 180 days of gain time. Whitfield timely filed a formal grievance with the warden of his institution, which was denied on March 28, 2011. Whitfield then appealed to the Secretary of the Department. The appeal was dated April 4, 2011, and according to Whitfield, it was provided to prison staff for mailing on April 6, 2011.
Whitfield claimed that he submitted his grievance appeal to the designated prison staff person in an unsealed envelope, but *1211 had he done so, the receipt portion of the appeal form would have been completed by the staff person before the appeal was mailed to the Secretary, see Fla. Admin. Code R. 33-103.006(8)(c)l-2[1] (requiring the staff person designated to receive inmate grievances to complete the receipt portion of the form “by entering a log/tracking number and date of receipt and sign as the recipient” and then record receipt of the grievance in the institutional log), and the receipt date recorded on the form would have been used to determine whether the appeal was timely. See Fla. Admin. Code R. 33-103.007(3)(a). The receipt portion of the appeal form submitted by Whitfield was blank, which is consistent with the appeal having been provided to the prison staff in a sealed envelope to be mailed directly to the Secretary without first being processed by staff. Compare Fla. Admin. Code R. 33-103.006(8)(d) (“If the inmate desires his grievance to be forwarded in a sealed envelope, the inmate shall provide to the staff person a properly addressed envelope so that once the grievance is processed by staff, the grievance can be placed into the envelope and sealed for forwarding.”) with Fla. Admin. Code R. 33-103.006(8)(e) (“If the inmate elects to mail the grievance to central office directly and bypass the logging/tracking process, the inmate may submit his or her grievance in a sealed envelope to be placed in the institutional bulk mail that is to be mailed daily to central office”). As a result, the date the appeal was actually received by the Secretary was used to determine the timeliness of the appeal.
Whitfield’s appeal was received by the Secretary on April 13, 2011, which was one day after the applicable deadline. See Fla. Admin. Code R. 33-103.011(l)(c) (“Grievance appeals to the Office of the Secretary — Must be received within 15 calendar days from the date of the response to the formal grievance.”). Accordingly, on April 18, 2011,[2] the Secretary returned the appeal to Whitfield with “no action,” advising him that “[y]our failure to have your grievance receipted locally may have contributed to your failure to file the grievance timely.”
Whitfield did not seek judicial review in the circuit court within 30 days of the Secretary’s response. Instead, in August 2011, he embarked on a second round of grievances and appeals within the Department challenging the Secretary’s determination that his original appeal was untimely. When this series of grievances was unsuccessful, Whitfield filed a petition for writ of mandamus in the circuit court. The petition was filed on September 14, 2011.[3]
In the petition, Whitfield sought judicial review of the merits of the disciplinary action taken against him based on the February 2011 disciplinary report. The *1212 circuit court issued an order to show cause and the Department filed a response in which it argued that the petition should be dismissed based on Whitfield’s failure to exhaust his administrative remedies on the disciplinary report by not timely appealing the denial of his original grievance to the Secretary. In reply, Whitfield argued that his appeal to the Secretary was timely under the “mailbox rule” in Haag v. State, 591 So.2d 614 (Fla.1992), because he turned the appeal over to prison staff for mailing on April 6, 2011. The circuit court dismissed the petition based on Whitfield’s failure to exhaust his administrative remedies, and this appeal followed.
As he did below, Whitfield contends on appeal that his original grievance appeal was timely because he provided it to prison staff for mailing prior to the appeal deadline. The Department responds that the appeal to the Secretary was untimely — and, thus, the circuit court properly determined that Whitfield had not exhausted his administrative remedies — because Whitfield bypassed the institution’s mailing procedures for grievance appeals and instead submitted his appeal in a sealed envelope for mailing directly to the Secretary. The Department argues in the alternative that dismissal was proper because the mandamus petition was untimely, having been filed in the circuit court more than 30 days after the Department’s final action in the original disciplinary proceeding.
We find the Department’s alternative argument to be dispositive. Thus, we need not consider whether the circuit court correctly determined that Whitfield failed to exhaust his administrative remedies, nor do we need to address whether the Department’s use of the date of receipt by the Secretary (rather than the date the appeal is provided to prison staff for mailing) is proper when an inmate elects to bypass the loggingtracking process when submitting a grievance appeal. But cf. Gonzalez v. State, 604 So.2d 874, 876 (Fla. 1st DCA 1992)(holding prior to the adoption of the mailing procedures in rule 33-103.006(8) that the mailbox rule in Haag applies to the administrative grievance process within the Department and, thus, a grievance appeal is “deemed ‘received’ by the Department ‘at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state’ ”) (quoting Haag, 591 So.2d at 617).
Section 95.11(8), Florida Statutes (2011), provides that “[a]ny court action challenging prisoner disciplinary proceedings conducted by the Department ... must be commenced within 30 days after final disposition of the prisoner disciplinary proceedings through the administrative grievance process under chapter 33, Florida Administrative Code.” This time period is jurisdictional and, thus, a mandamus petition filed more than 30 days after the final disposition of a disciplinary proceeding must be dismissed. See, e.g., Hale v. McDonough, 970 So.2d 362, 364-65 (Fla. 3d DCA 2007); see also § 95.11(8), Fla. Stat. (2011) (“Any action challenging prisoner disciplinary proceedings shall be barred by the court unless it is commenced within the time period provided by this section.”).
The Secretary’s “no action” response to Whitfield’s original grievance appeal was the final disposition of the disciplinary proceedings. Thus, that was the point at which Whitfield was required to seek judicial review of both the Secretary’s decision that his grievance appeal was untimely and the disciplinary action taken against him. Whitfield’s pursuit of additional, unauthorized administrative grievances did not toll or otherwise extend the time in section 95.11(8) for seeking judicial *1213 review. Accordingly, Whitfield’s petition, filed 149 days after the Secretary’s response to his original grievance appeal, was untimely and barred by section 95.11(8).
In sum, because Whitfield’s mandamus petition seeking judicial review of his disciplinary action was not filed within the 30-day statutory time limit, the circuit court lacked jurisdiction to consider the petition and, thus, the court did not err in dismissing the petition. Accordingly, we affirm the dismissal order.
AFFIRMED.
CLARK and WETHERELL, JJ., concur; MAKAR, J., concurs with opinion.

. Rule 33-103.006 governs institution level grievances. Rule 33-103.007 governs appeals to the Secretary, but rule 33-103.007(l)(h) incorporates the mailing procedures in rule 33-103.006(8).

. The Secretary’s response was dated April 14, 2011, but it was not filed with the clerk of the Department until April 18, 2011. The latter date is the date of rendition for purposes of judicial review. See Fla. R.App. P. 9.020(h); Ortiz v. Moore, 741 So.2d 1153, 1154 (Fla. 1st DCA 1999) (”[T]he timeliness of an inmate petition challenging a disciplinary proceeding is dependent upon the date of rendition of the ‘order’ constituting final disposition of the inmate’s grievances concerning the proceeding.”).

.The petition was received by the clerk of the circuit court on September 16, 2011, but the certificate of service included with the petition reflects that it was provided to prison officials for mailing on September 14, 2011, and thus it was deemed filed on that date. See Fla. R.App. P. 9.420(a)(2). ■