PER CURIAM.
This petition for writ of certiorari seeks review of an order of the circuit court which granted a petition for writ of mandamus which challenged a prison disciplinary action. We grant the petition.
Inmate Malara exhausted his administrative remedies as to a prison disciplinary action. His final appeal to the Secretary of the Department of Corrections (DOC) was denied and filed with the agency clerk on March 5, 2010. Malara filed a petition for writ of mandamus in the circuit court which had a service date of April 5, 2010. This would have been within the 30-day time limit of section 95.11(8), Florida Statutes; however, the date stamp on the face of the petition indicated that it was provided to prison officials on April 6, 2010, which would have been one day late. The date stamp contains Malara’s initials and the initials of a second person, presumably a DOC employee. DOC filed a motion to dismiss in the circuit court arguing that Malara’s petition for writ of mandamus was filed outside the 30-day time limit of section 95.11(8). The circuit court denied the motion to dismiss stating that it was constrained by the holding in Thompson v. State, 761 So.2d 324 (Fla.2000), and was required to accept the petition as timely based on the certificate of service. Ultimately, the circuit court granted Malara’s petition for writ of mandamus.
DOC now argues that Malara’s petition for writ of mandamus was untimely filed in the circuit court and subject to dismissal under section 95.11(8), because the official date stamp showing when the petition was provided to prison officials for mailing was dated and initialed by Malara on April 6, 2010, beyond the 30-day statute of limitations of section 95.11(8). We agree.
Section 95.11(8), Florida Statutes (2010), provides that “[a]ny court action challenging prisoner disciplinary proceedings conducted by the Department ... must be commenced within 30 days after final disposition of the prisoner disciplinary proceedings through the administrative grievance process under chapter 33, Florida Administrative Code.” This time period is jurisdictional and, thus, a mandamus petition filed more than 30 days after the final disposition of a disciplinary proceeding must be dismissed. See, e.g., Hale v. McDonough, 970 So.2d 362, 364-65 (Fla. 3d DCA 2007); see also § 95.11(8), Fla. Stat. (2010) (“Any action challenging prisoner disciplinary proceedings shall be barred by the court unless it is commenced within the time period provided by this section.”). In Whitfield v. Department of Corrections, 107 So.3d 1210 (Fla. 1st DCA 2013), an inmate submitted an administrative grievance appeal to the DOC Secretary, but because the appeal was received one day after the applicable deadline, the appeal was returned with “no action” on April 18, 2011. The inmate did not seek judicial review within 30 days of that date, but “embarked on a second round of grievances and appeals within the Department challenging the Secretary’s determination that his original appeal was untimely.” Id. *146 at 1211. When the second round of administrative review was unsuccessful, the inmate filed a petition for writ of mandamus in the circuit court on September 14, 2011. This court held that the inmate’s pursuit of additional, unauthorized administrative grievances did not toll or otherwise extend the jurisdictional time limits for seeking judicial review. Because the inmate’s mandamus petition seeking judicial review of his disciplinary action was not filed within the 30-day statutory time limit, this court held that the circuit court lacked jurisdiction to consider the petition. Id. at 1213.
In Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the United States Supreme Court adopted the “mailbox rule” for incarcerated litigants and held that a petition or notice of appeal filed by pro se inmate was deemed filed at the moment in time when the inmate lost control over the document by entrusting its further delivery or processing to agents of the state. In Haag v. State, 591 So.2d 614 (Fla.1992), the Florida Supreme Court adopted the “mailbox rule.” In Thompson v. State, 761 So.2d 324 (Fla.2000), the inmate was housed at a correctional institution which did not maintain outgoing mail logs. The Florida Supreme Court held that the presumption of timely filing by inmate existed if the legal document contained a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date and that the presumption shifted to the state the burden to prove that the document was not timely placed in prison officials’ hands for mailing. The Thompson court stated that, “[sjhould the State wish to have a means of verifying or objecting to an inmate’s assertion that his or her pleading was actually placed in the hands of prison or jail officials on a particular date, we leave it to the State to create and implement the mechanism for doing so.” Thompson 761 So.2d at 326. The “mailbox rule” for inmate filings is now codified in rule 9.420(a)(2), Florida Rules of Appellate Procedure.
Following Thompson, DOC promulgated rule 33-210.102(8)(g), Florida Administrative Code, which provides in pertinent part:
Inmates shall present all outgoing legal mail unsealed to the mail collection representative to determine, in the presence of the inmate, that the correspondence is legal mail, bears that inmate’s return address and signature, and that it contains no unauthorized items.... [T]he mail collection representative shall stamp the document(s) to be mailed and the inmate’s copy, if provided by the inmate. The date stamp shall be in the following format: “Provided to (name of institution) on (day, month and year blank to insert date) for mailing, by (officer’s initials).” The mail collection representative shall then have the inmate initial the document(s) next to the stamp and have the inmate seal the envelope in the mail collection representative’s presence. For confinement areas, the staff member who picks up the legal mail each day shall stamp the documents, have the inmate place his or her initials next to the stamp, and have the inmate seal the envelope in the staff member’s presence. The use of mail drop boxes for outgoing legal mail is prohibited.
Because DOC has established a procedure for tracking the date that legal mail changes hands for purposes of establishing jurisdictional timeframes in court proceedings as suggested in Thompson, DOC has a mechanism to rebut the presumption that the inmate’s assertion that his pleading was actually placed in the hands of prison or jail officials on a particular date. *147 Malara has presented no evidence to show the DOC’s procedures under the rule did not operate as intended. The date stamp affixed to the face of Malara’s petition as required by rule 33-210.102(8)(g) clearly states that the petition was turned over to prison officials outside the 30-day time limit of section 95.11(8). Malara himself initialed the daté stamp as required by rule 33-210.102(8)(g), so the presumption must be that the date stamp properly reflects the date on which the prisoner turned his petition over for mailing. Because the petition was untimely under section 95.11(8), the petition should have been dismissed by the circuit court.
Accordingly, the final order of the circuit court is quashed and the cause is remanded for further proceedings.
THOMAS, WETHERELL, and RAY, JJ., concur.