PER CURIAM.
Appellant’s notice of appeal contains a certificate of service, as well as an institutional date stamp initialed by appellant, showing the notice was given to institution officials for mailing on September 2, 2013. For purposes of the “mailbox rule,” Florida Rule of Appellate Procedure 9.420(a)(2), the presumption is that the date stamp properly reflects the date on which the notice of appeal was turned over for mailing. Crews v. Malara, 2013 WL 5584090 at *2, 123 So.3d 144, 146 (Fla. 1st DCA Oct. 11, 2013). Because the filing date is over 30 days from the July 31, 2013, date of rendition of the order on appeal, the appeal is untimely and must be dismissed. See Fla. RApp. P. 9.110(b). However, to the extent that appellant’s attempt to timely appeal was hindered or stymied by prison officials, appellant may be entitled to relief. See generally David M. Dresdner, M.D., P.A. v. Charter Oak Fire Ins. Co., 972 So.2d 275, 280 (Fla. 2d DCA 2008) (distinguishing line of cases providing relief when “a party’s ability to file a notice of appeal in a timely manner was stymied or hindered by action attributable to the trial court or the clerk” where the underlying rationale is “one of fundamental fairness”). Accordingly, this dismissal is without prejudice to appellant’s right to seek relief in the circuit court. Brigham v. State, 769 So.2d 1100 (Fla. 1st DCA 2000) (explaining avenues for obtaining belated appeal in criminal and civil cases); Snelson v. Snelson, 440 So.2d 477 (Fla. 5th DCA 1983) (explaining that relief may be sought in the trial court). DISMISSED.
WETHERELL, SWANSON, and OSTERHAUS, JJ., concur.