IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROBERTO RIVERA, M. D.,

     Appellant,

v.

DEPARTMENT OF HEALTH,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-0287

Opinion filed April 15, 2015.

An appeal from an order of the State of Florida, Board of Medicine.
Chandra Prine, Interim Executive Director, for Nabil El-Sanadi, M.D., Chair.

Roberto Rivera, M. D., pro se, Appellant.

Therese A. Savona, Tallahassee, for Appellee.

PER CURIAM.

ORDER ON JURISDICTION

Roberto Rivera, an inmate housed in the Bergen County Jail in Hackensack, New Jersey, appeals a final administrative order of the Florida Department of Health, Board of Medicine, suspending his medical license and imposing an administrative fine. Concerned that the Court's jurisdiction had not been timely invoked, we directed appellant to show cause why this appeal should not be

dismissed for lack of jurisdiction, directing appellant's attention to the Florida Supreme Court's recent amendment to Florida Rule of Appellate Procedure 9.420(a)(2), governing inmate filing. Appellant failed to adequately respond to the Court's show cause order. We are concerned that incarcerated litigants may fail to understand the effect of the amendment and write to ensure that incarcerated litigants filing documents with the courts of this state are familiar with the recent amendment to rule 9.420(a)(2), and that they understand the burden the rule places on them to demonstrate timely filing.

In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court adopted the "mailbox rule" for incarcerated litigants and held that a petition or notice of appeal filed by a pro se inmate was deemed filed at the moment in time when the inmate lost control over the document by entrusting its further delivery or processing to agents of the state. In Haag v. State, 591 So. 2d 614, 617 (Fla.1992), the Florida Supreme Court adopted the mailbox rule. The mailbox rule for inmate filings is codified in rule 9.420(a)(2), Florida Rules of Appellate Procedure.

The Florida Supreme Court recently amended Florida Rule of Appellate Procedure 9.420(a)(2). In re Amendments to Florida Rules of Appellate Procedure, 2014 WL 5714099 *20-21 (Fla. Nov. 6, 2014). As it pertains to this discussion, the rule was amended to provide:

2

**Rule 9.420(a)(2)   Inmate Filing.** A document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mailing on or before the last day for filing. Such a document shall be presumed to be timely filed if it contains a certificate of service certifying that the inmate placed the document in the hands of an institution official for mailing on a particular date, and if the document would have been timely filed had it been received and file-stamped by the court on that date. The filing date of a document filed by a pro se inmate confined in an institution shall be presumed to be the date it is stamped for filing by the clerk of the court, except as follows:

(A) The document shall be presumed to be filed on the date the inmate places it in the hands of an institutional official for mailing if the institution has a system designed for legal mail, the inmate uses that system, and the institution's system records that date, or

(B) The document shall be presumed to be filed on the date reflected on a certificate of service contained in the document if the certificate is in substantially the form prescribed by subdivision (d)(1) of this rule and either:

(i) the institution does not have a system designed for legal mail; or

(ii) the inmate used the institution's system designed for legal mail, if any, but the institution's system does not provide for a way to record the date the inmate places the document in the hands of an institutional official for mailing.[1]

---

[1]   Deletions from the text of the rule are indicated by strikethrough and additions are indicated by underlined text.

Previously, the rule allowed an inmate to demonstrate the timely filing of a document by certifying that it had been placed in the hands of institution officials for mailing in a timely manner. The date on the certificate of service was presumed to be the date of filing unless the document also bore an institutional mail stamp contradicting that date, and indicating that the document had actually been placed in the hands of officials in an untimely manner, in which case the institution stamp is presumed to be correct. See Crews v. Malara, 123 So. 3d 144 (Fla. 1st DCA 2013).

As amended, the rule provides that when the institution has a system designed for legal mail that records the date a document is placed in the hands of an institution official for mailing and the inmate uses that system, then the date of filing will be presumed to be the date recorded by the institution's legal mail system. If the inmate does not use the system designed for legal mail, the date of filing shall be presumed to be the date it is stamped for filing by the clerk of the court. If the institution does not have a legal mail system, or it has a legal mail system that does not record the date a document is placed in the hands of an institution official for mailing, then the date contained in the certificate of service is presumed to be the date of filing.

Now, under rule 9.420(a)(2), in order to receive the benefit of the mailbox rule, an inmate housed in an institution that has a system designed for handling

4

legal mail which provides a way to record when the document was relinquished to institution officials for mailing, must use that system. The Florida Department of Corrections (DOC) promulgated administrative rule 33-210.102(8)(g), to put in place a system for handling legal mail in its constituent institutions.[2] The rule provides for the recording of the date the document is handed to institution officials for mailing. Therefore, an inmate housed in a DOC institution presumably has the opportunity to file a notice of appeal or original petition using that legal mail system.

---

[2] Rule 33–210.102(8)(g), Florida Administrative Code, provides:

> Inmates shall present all outgoing legal mail unsealed to the mail collection representative to determine, in the presence of the inmate, that the correspondence is legal mail, bears that inmate's return address and signature, and that it contains no unauthorized items.... [T]he mail collection representative shall stamp the document(s) to be mailed and the inmate's copy, if provided by the inmate. The date stamp shall be in the following format: "Provided to (name of institution) on (day, month and year blank to insert date) for mailing, by (officer's initials)." The mail collection representative shall then have the inmate initial the document(s) next to the stamp and have the inmate seal the envelope in the mail collection representative's presence. For confinement areas, the staff member who picks up the legal mail each day shall stamp the documents, have the inmate place his or her initials next to the stamp, and have the inmate seal the envelope in the staff member's presence. The use of mail drop boxes for outgoing legal mail is prohibited.

Rule 9.420(a)(2) nonetheless applies to all inmate filings, not just filings originating from DOC institutions. Where an incarcerated litigant is housed at an institution that has no system for handling legal mail, or if it has a system that does not provide for recording the date on which a document is handed to institution officials for mailing, the inmate may rely on the certificate of service to demonstrate when the document was relinquished to institution officials, and therefore filed pursuant to the mailbox rule. In that circumstance, however, the inmate must demonstrate that he is either in an institution that has no system for handling legal mail or that the system in place does not provide for recording the date a document is turned over for mailing so as to show that he is entitled to rely on the certificate of service. Absent such a showing, the court must presume the filing date to be the date the document was received by the clerk of the court.

In this case, it remains unclear whether the Bergen County Jail, where appellant Rivera is housed, has a system designed for legal mail that records the date on which documents are handed to institution officials for mailing. Thus, it is not apparent whether Rivera is entitled to rely on the date on the certificate of service to demonstrate when the notice of appeal was relinquished to institution officials, or whether the date the notice of appeal was received by the clerk of the court is the presumptive date of filing. In light of the foregoing discussion, appellant is afforded an additional opportunity to demonstrate that the notice of

6

appeal was timely filed. Appellant shall specifically address whether the Bergen County Jail has a system for handling legal mail and whether that system, if any, provides a means to record the date on which a document is handed to institution officials for mailing. Appellant's response shall be filed within 20 days of the date of this order.

WOLF, THOMAS, and RAY, JJ., CONCUR.