# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D21-135
_____

ORLAN L. HAGINS,

    Appellant,

    v.

MARK S. INCH, Secretary,
Florida Department of
Corrections,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

September 22, 2021

PER CURIAM.

Orlan L. Hagins seeks review of the trial court's dismissal of his complaint for a writ of mandamus. The trial court's sole basis for dismissal was untimeliness. In the complaint, Hagins challenged his loss of gain time as the result of disciplinary proceedings conducted by the Florida Department of Corrections. The department had denied his administrative appeal on June 12, 2020. Hagins certified that he placed the complaint in the hands of prison officials for filing on July 13, 2020. However, there is an initialed institutional mail stamp on the first page of the complaint that was filed with the trial court clerk. The date with the stamp

shows Hagins did not turn over the complaint to officials for mailing until July 15, 2020.

The institutional stamp, with initials and date, is enough to make the stamp-date, and not Hagins's certified date, the presumptive filing date. *See* Fla. R. App. P. 9.420(a)(2)(A) (providing for presumption of filing "on the date the inmate places [a legal document] in the hands of an institutional official for mailing"); Fla. R. App. P. 9.420(a)(2)(B) (providing for the inmate's certified date to be the presumptive filing date only if the "institution does not have a system designed for legal mail" or "the institution's system does not provide for a way to record the date"); *cf. Simmons v. State*, 293 So. 3d 604, 606 (Fla. 1st DCA 2020) (stating that for the purpose of applying the presumption of rule 9.420(a)(2)(B), "an institutional stamp along with the date and officer's initials" is "sufficient to prove that the institution had a system in place for legal mail, that the institution recorded the date the legal mail was provided, and that the appellant used that system").

Hagins failed to submit any evidence that Florida State Prison's mail procedures did not operate correctly or that the stamp and date were not authentic. *Cf. Crews v. Malara*, 123 So. 3d 144, 146–47 (Fla. 1st DCA 2013); *see Rivera v. Dep't of Health*, 177 So. 3d 1, 2–3 (Fla. 1st DCA 2015). July 15, 2020, the presumptive filing date of Hagins's complaint challenging his disciplinary proceedings, is more than thirty days after the final denial of his administrative appeal on June 12, 2020. The trial court correctly dismissed the complaint as time barred. *See* § 95.11(8), Fla. Stat. (2020) (barring action "challenging prisoner disciplinary proceedings" that is commenced more than thirty days "after final disposition" on those proceedings); *see also Jackson v. Dep't of Corr.*, 303 So. 3d 1014 (Fla. 1st DCA 2020).

AFFIRMED.

ROWE, C.J., and ROBERTS and TANENBAUM, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Orlan L. Hagins, pro se, Appellant.

Ashley Moody, Attorney General, and Kelly R. Forren, Assistant Attorney General, Tallahassee, for Appellee.