WIGGINTON, Judge.
Gonzalez brings this appeal from the trial court’s order denying his petition for writ of mandamus on the basis that he “failed to state a cause of action upon which relief can be granted.” After re *875 viewing the record, we disagree with the trial court’s conclusion and reverse.
The facts as distilled from this limited record show that appellant received a disciplinary report on December 29, 1990, for verbal disrespect. He filed a grievance, which was denied. He next filed an appeal to the Secretary of the Department of Corrections, which was denied as being untimely filed. According to the Department’s response, the appeal was not “received” within 15 days of the institutional response to the grievance as prescribed in Rule 33-29.011(4), Florida Administrative Code.
Appellant thereafter obtained a sworn statement from the institution’s mail clerk indicating that the appeal was logged on the outgoing legal/privilege mail log on February 11, 1991. The certification was submitted to Mr. Ken Snover, inmate grievance administrator for the Department of Corrections who, in an informal letter dated May 8, 1991, informed appellant that even had his appeal been properly filed in a timely manner, it would nonetheless have been denied on its merits.
As one of his major points raised in his grievance, appellant complained that during the investigative stage of the alleged incident, he had informed the investigating officer of four inmates to be listed as potential witnesses for interview. Naming these four inmates, appellant went on to allege that the investigator failed to interview the witnesses and take their statements contrary to Rule 33-22.005(4), Florida Administrative Code; thus, appellant was not afforded a fair and impartial hearing due to the investigating officer’s failure to take witness’ statements. In response, in the above-mentioned letter, Ken Snover indicated he had reviewed the disciplinary report which allegedly reflected that appellant had declined to make a statement to the investigating officer, and had declined witnesses and staff assistance. (The disciplinary report was not included in the record on appeal.) Snover also indicated he had been advised by one “Ms. Scott” that it was standard operating procedure at the institution that when an inmate requested witnesses at a disciplinary hearing and those witnesses had not been previously contacted by the investigating officer, the hearing would be continued until such time as the statements could be obtained. Snover went on to observe that since there was no indication appellant’s hearing had been delayed, he could only conclude appellant had requested no witnesses at the hearing.
Thereafter, appellant filed a petition for writ of mandamus wherein he presented the following four questions:
1. D.O.C. Rules state an appeal must be received in Tallahassee within 15 days. Can an inmate be held responsible for the U.S. mail being delayed, once he has mailed a Petition within the time frame as described in Chpt. 33-29?
2. When appeal correspondence is handled by mail, does the rule have to provide a time period for delivery by mail?
3. When a Petitioner offers witnesses to an incident, can the disciplinary team and investigator simply refuse to call or interview the witnesses, simply by stating no witnesses was [sic] requested?
4. Did Ms. Scott offer as proof, any cases that were actually delayed to obtain witnesses ..., since she states it was normal operating procedure, this would suggest it occurring [sic] on a fairly often basis?
In regard to the first two questions, we find particularly pertinent the supreme court’s recent ruling in Haag v. State, 591 So.2d 614 (Fla.1992), wherein it expressly held that the federal “mailbox rule exists as a matter of Florida law.” Id. at 617 [footnote omitted]. Under this rule, a petition or notice of appeal filed by a pro se inmate “is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state.” Id. It was noted by the court that its approach was “consistent with the simplicity and fairness demanded both by the Florida Rules of Criminal Procedure and article I, section 13 of the Florida Constitution.” Id.
For similar reasons predicated on the notions of simplicity and fairness, it is *876 our opinion that the mailbox rule should not be limited solely to the filing of petitions or notices of appeal in court, but should instead be uniformly applied whenever a pro se inmate is required to use the U.S. mail to file documents within a limited jurisdictional time frame. Accordingly, in this particular instance, where an appeal from a grievance procedure must be received by the Department within 15 calendar days of the date of the institutional response, under the mailbox rule the appeal is deemed “received” by the Department "at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state.” 591 So.2d at 617. As noted by the supreme court in Haag, “[ujsually, this point occurs when the inmate places a document in the hands of prison officials,” id., since this point in time can be reliably documented due to the logging of prisoner mail. Thus, the first two questions propounded by appellant in his petition presented a prima facie case for which relief could be granted.
Similarly, we are of the opinion that appellant’s third and fourth questions taken together also present a prima facie case for relief. Appellant’s insistent allegation that he had indeed offered witnesses to the incident contradicts the Department’s assertion to the contrary and calls for further inquiry.
Consequently, it was error for the trial court to summarily dismiss appellant’s petition. Instead, under Rule 1.630(d)(3) and (4), Florida Rules of Civil Procedure, it is incumbent upon the court to issue an alternative writ in mandamus and direct a response from the Department.
Based on the foregoing, this cause is REVERSED and REMANDED for further proceedings consistent with this opinion.
SHIVERS and BARFIELD, JJ., concur.