PER CURIAM.
Pedro Pedroza, an inmate of Glades Correctional Institution, appeals the summary denial of his petition for writ of habeas corpus, filed because the Department of Corrections deemed untimely his administrative appeal of the institutional denial of his appeal of a disciplinary report, which resulted in the loss of gain time. As a procedural matter, because if successful Appellant would be entitled only to have the department consider his appeal on the merits, and he has not even alleged the entitlement to immediate release if his gain time were restored, we treat the petition as a petition for writ of mandamus. See Williams v. James, 684 So.2d 868 (Fla. 2d DCA 1996). As Appellant’s petition below stated a prima facie case for relief, we reverse.
Appellant alleged that he placed his appeal in dormitory mail fourteen days after the date of the unfavorable response to his institutional appeal, and therefore it should be considered timely filed within the fifteen day period prescribed for appeals to the department, pursuant to Haag v. State, 591 So.2d 614, 617 (Fla.1992), and Gonzalez v. State, 604 So.2d 874 (Fla. 1st DCA 1992) (applying mailbox rule approved in Haag to inmate grievance procedures). In Gonzalez, the first district reasoned as follows:
[W]here an appeal from a grievance procedure must be received by the Department within 15 calendar days of the date of the institutional response, under the mailbox rule the appeal is deemed “received” by the Department “at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state.”
Id. at 876 (quoting Haag, 591 So.2d at 617).
In their answer brief, the respondents contend that Appellant failed to follow the procedure adopted by the department, after Gonzalez issued, in Florida Administrative Code Rule 33-29.006(8). That rule requires each institution to establish a grievance office and designate a staff person to accept grievances that require mailing, and to issue a receipt at the institution; that staff person’s receipt is the one which is consulted to determine if an appeal is timely received. They assert that Appellant cannot rely upon Haag and Gonzalez to have his appeal deemed timely filed if he failed to follow the prescribed procedure.
In his reply, Appellant contends that the procedure established by the rule was not implemented at Glades Correctional Institution until April 1997; when he mailed his appeal, in January 1997, there was no staff person designated to mail grievances and he was required to place his appeal in dormitory *1007 mail. If this is true, Appellant’s right to appeal his grievance cannot be restricted by his failure to comply with a procedure that did not yet exist. The circuit court’s summary denial prevented the parties’ factual dispute from being resolved, or even from being posed.
As Appellant’s petition below stated a pri-ma facie case, it was error for the trial court to deny it summarily instead of issuing an alternative writ in mandamus pursuant to Florida Rule of Civil Procedure 1.630(d)(3) and directing a response from the department. Accordingly, we reverse and remand this cause for further proceedings.
STONE, C.J., and DELL and POLEN, JJ., concur.