PER CURIAM.
By Petition for Writ of Habeas Corpus, prisoner Kenny Griffin claims ineffective assistance of appellate counsel. Arguing the petition was untimely filed, the State maintains that Griffin is not entitled to consideration of his claim.[1] Griffin’s sworn word attached to his petition is that he timely sent the petition. In establishing that a prisoner is entitled to the benefits of the “mailbox rule,” under which a petition or notice of appeal filed by a pro se inmate is deemed filed at moment when inmate loses control over document by entrusting its further delivery or processing to agents of state, Haag v. State, 591 So.2d 614 (Fla.1992) nonetheless clearly provides:
Unless it appears on the face of the pleading that it was timely received by the prison officials, our opinion does not mean that the court must inquire into whether every late-filed pro se petition meets the test of the mailbox rule. Upon denial of the petition, the burden is on the pro se inmate to timely assert and prove that the petition was delivered to prison authorities within the requisite time limits.
Haag v. State, 591 So.2d at 617, n. 3. (Emphasis added.)
The right to an evidentiary hearing was cited in Bray v. State, 742 So.2d 804, 23 Fla. L. Weekly D1897, 1898 (Fla. 1st DCA 1998) wherein the court concluded:
Iii Bray v. State, 702 So.2d 302 (Fla. 1st DCA 1997), we reversed with directions to the trial court to conduct an eviden-tiary hearing to determine whether the motion was timely filed in accordance with the mailbox rule articulated in *468 Haag v. State, 591 So.2d 614 (Fla.1992)(holding that a 3.850 motion which is turned over to prison authorities for mailing within the two-year limitation period is timely even though it is not stamped by the court clerk until after the time limit has expired). After remand, without conducting an eviden-tiary hearing the trial court again dismissed the motion, finding the allegations of timeliness to be insufficient. However, as stated in our earlier decision, we have found Bray’s allegations of timely submission sufficient to create an issue of fact, subject to proof at an evidentiary hearing. We reverse and remand again with specific instructions that appellant be afforded the opportunity at an evidentiary hearing to prove (by prison mail logs or otherwise) that his motion was timely filed. If timely, the motion shall be considered on its merits. (Emphasis added.)
See Ponton v. Moore, 744 So.2d 1159 (Fla. 1st DCA 1999) (citing to Haag and remanding matter to the trial court for an evidentiary hearing to determine whether appellant timely delivered his insolvency documents to prison officials). See also Pedroza v. Tadlock, 705 So.2d 1005, 23 Fla. L. Weekly D391 (Fla. 4th DCA 1998)(con-cluding that appellant’s petition below stated a prima facie case entitling prisoner to evidentiary hearing on issue of timeliness where appellant alleged that he placed his appeal in dormitory mail within prescribed time limits). Having asserted and sworn to the timeliness of his claim, Griffin is entitled to an evidentiary hearing where he will be obligated to prove by prison mail logs or otherwise that his petition was timely filed. If timely, the petition shall then be considered on its merits. Accordingly, the matter is referred to The Honorable Judge Michael B. Chavies to act as commissioner to determine the issue of timeliness.

. As the State concedes, considering the nature of Griffin's claim and considering Florida Rule of Appellate Procedure 9.140(j)(3)(C), Griffin had until Monday January 4, 1999 to file the instant petition. Griffin’s petition swears under penalty of perjury that it was sent via U.S. Mail on December 30, 1998. The Third District Court of Appeal and the Office of Attorney General did not receive the instant petition until February 23, 1999 and February 22, 1999 respectively.