PER CURIAM.
Appellant appeals an order dismissing his petition for writ of habeas corpus in Case No. 98-2611. In this petition, appellant sought declaratory and injunctive relief, monetary damages, institution of criminal charges against prison officials and an order compelling the prison officials to arrange for appellant to be examined by a qualified eye specialist. We affirm.
The purpose of a habeas corpus proceeding is to inquire into the legality of the petitioner’s present detention. Sneed v. Mayo, 69 So.2d 653 (Fla.1954). It should not be used to invoke questions not affecting the lawfulness of appellant’s custody and detention. McNally v. Hill, 293 U.S. 131, 136-137, 55 S.Ct. 24, 79 L.Ed. 238 (1934), overruled in part on other grounds, Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). More specifically, it is not a vehicle to recover money damages. Newsome v. Singletary, 637 So.2d 9, 10 (Fla. 2d DCA 1994).
In his argument before this court, appellant has confused the petition filed in Case *36 No. 98-2611 with an earlier petition he filed in Case No. 98-2228. We do not address his arguments pertaining to Case No. 98-2223 because only the validity of the order in Case No. 98-2611 is before us.
AFFIRMED.
KAHN AND BENTON, JJ., CONCUR and SHIVERS, DOUGLASS B„ Senior Judge, CONCURS.