825 So.2d 505 (2002)
George RIVERA, Appellant,
v.
Michael W. MOORE, Secretary, Department of Corrections, Appellee.
No. 1D00-2302.
District Court of Appeal of Florida, First District.
September 6, 2002.
Appellant pro se.
Robert A. Butterworth, Attorney General; Philip A. Fowler, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Appellant, an inmate of the state correctional system, seeks review of a final order denying his request for a writ of mandamus compelling appellee, as Secretary of the Florida Department of Corrections, to ensure that the Department follows its own rules. Because we conclude that it is undisputed on the record before us that the Department failed to follow its own rule requiring that the superintendent or warden personally make the decision to approve, return, or deny "grievances of *506 reprisal" filed directly with him or her, we reverse.
Appellant's petition filed in the trial court sought to compel the Department to comply with its own rules. It was a new civil action, and did not seek review of quasi-judicial action taken by the Department. Accordingly, this matter is appropriately treated as an appeal from a final order of the trial court, pursuant to Florida Rule of Appellate Procedure 9.110, rather than as a petition for writ of certiorari pursuant to rule 9.100. See Sheley v. Fla. Parole Comm'n, 703 So.2d 1202 (Fla. 1st DCA 1997) (criminal division en banc), approved, 720 So.2d 216 (Fla.1998).
Appellant filed several grievances which he identified as "grievances of reprisal." At the relevant times, Department of Corrections rules provided that inmates could file grievances alleging reprisals against them by staff. Fla. Admin. Code R. 33-29.001(3)(c), (d) (1999). (The applicable rules have since been amended and renumbered. They may now be found in chapter 33-103 of the Florida Administrative Code.) Those rules provided, further, that "grievances of reprisal" could be filed directly with the superintendent or warden "in a sealed envelope through routine institutional mail channels," "by-passing the informal grievance step." Id. R. 33-29.006(3)(c) & 33-29.002(9)(a), (b). Finally, the rules also provided that, "[f]or grievances [including "grievances of reprisal"] filed directly with the superintendent or warden ..., the decision to approve, return, or deny the grievance shall be made by the superintendent [or] warden ...." Id. R. 33-29.015(3).
On this record, it is undisputed that appellant filed his "grievances of reprisal" directly with the appropriate superintendents or wardens. It is, likewise, undisputed that the appropriate superintendents or wardens did not personally make the decisions to approve, return, or deny those "grievances of reprisal."
One seeking a writ of mandamus must establish the existence of "a clear legal right to the performance of a clear legal duty by a public officer and that ... no other legal remedies [are] available." Hatten v. State, 561 So.2d 562, 563 (Fla. 1990). Based upon the record before us, we conclude that appellant has carried this burden. It appears clear that appellant was entitled pursuant to the Department's rules to have the decisions to approve, return, or deny his "grievances of reprisal" made by the appropriate superintendents or wardens; they were not; and there do not appear to be any other remedies available to appellant.
"[A]lthough [a writ of mandamus] cannot be used to compel a public agency to exercise its discretionary powers in a given manner, it may be used to compel the agency to follow its own rules." Williams v. James, 684 So.2d 868, 869 (Fla. 2d DCA 1996). On the record before us, the trial court should have issued a writ of mandamus directing appellee to ensure that the Department complies with rule 33-29.015(3). Accordingly, we reverse and remand. On remand, we direct the trial court to issue a writ of mandamus ordering appellee, as Secretary of the Department of Corrections, to ensure that the Department complies with rule 33-29.015(3) (now rule 33-103.015(3))i.e., that the appropriate superintendent or warden personally approves, returns, or denies appellant's "grievances of reprisal."
REVERSED and REMANDED, with directions.
ALLEN, C.J., and PADOVANO, J., concur.