PER CURIAM.
Charles Williams timely seeks certiorari review of an order denying his petition for writ of mandamus. We conclude that the circuit court did not depart from the essential requirements of law when it denied relief concerning the Parole Commission’s decision to decline to authorize petitioner’s effective parole release date and to suspend his presumptive parole release date, and deny the petition insofar as it is directed to that issue.
In addition, Williams unsuccessfully claimed below that the Parole Commission had deviated from the requirements of its own rules when it elected to schedule his next extraordinary interview within five years, rather than within two years of the date of his effective parole release date interview. We treat respondent’s “motion for remand” as a concession that under the terms of rule 23-21.0155(3), Florida Administrative Code, Williams is entitled to relief as to this claim. See Rivera v. Moore, 825 So.2d 505 (Fla. 1st DCA 2002) (mandamus will lie to compel an administrative agency to follow its own rules). Accordingly, we grant the petition for writ of certiorari in part, quash the portion of the circuit court’s order denying relief as to this claim, and remand for further proceedings consistent herewith.
PETITION GRANTED IN PART AND REMANDED.
BARFIELD, DAVIS, and PADOVANO, JJ., concur.