PER CURIAM.
Kadarrell Johnson appeals an order dismissing his petition for writ of mandamus with prejudice. After de novo review, we reverse and remand for further proceedings. See Fla. Pub. Employees Council 79, AFSCME v. Dep’t of Children & Families, 745 So.2d 487 (Fla. 1st DCA 1999); Mazer v. Orange County, 811 So.2d 857 (Fla. 5th DCA 2002).
The lower court initially dismissed Johnson’s petition for writ of mandamus without prejudice, allowing him 30 days in which to file documentation showing that he had exhausted administrative remedies. Johnson promptly began a grievance proceeding, but could not complete the process within the time for amending his petition. He filed an amended petition but the lower court dismissed the case with prejudice on the ground that his petition was untimely.
Contrary to the lower court’s determination on this point, the amended petition was placed in the hands of prison authorities and therefore timely filed within the period of time allowed by the first order of dismissal. The amended petition is still deficient in the respect that the petitioner has not shown that he exhausted his remedies, but this defect does not warrant a final adjudication of the claim. The dismissal should have been without prejudice.
Reversed and remanded.
ALLEN, WEBSTER, and PADOVANO, JJ., concur.