MAKAR, J.,
concurring.
I agree that Appellant, Shannon V. Whitfield, did not timely seek review in the circuit court of the Department’s refusal to accept his appeal as timely. As to whether he timely filed an appeal with the Department from his initial grievance, it is worth noting that in Gonzalez v. State, 604 So.2d 874 (Fla. 1st DCA 1992), we explicitly held that the mailbox rule applies to prisoners when they submit internal grievance appeals by U.S. Mail, which is what Whitfield did here. We held:
[ Wjhere an appeal from a grievance procedure must be received by the Department within 15 calendar days of the date of the institutional response, under the mailbox rule the appeal is deemed ‘received’ by the Department “at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state.”
Id. at 876 (quoting Haag v. State, 591 So.2d 614, 617 (Fla.1992)). Gonzalez explicitly requires that the Department deem a legal paper (even one involving an internal administrative appeal) as timely filed on the day the inmate gives control of the document to a prison official; this rule applies to any situation where jurisdiction is based on the timeliness of a filing. Id. at 875-76 (mailbox rule to be “uniformly applied whenever a pro se inmate is required to use the U.S. mail to file documents within a limited jurisdictional time-frame”).
Here, Whitfield must have put the document in the hands of a prison official on or before the deadline; after all, the Department received it in the mail the day after the deadline. This would be proof enough to comport with this Court’s and the supreme court’s direction that a prisoner provide some evidence to show relinquishment of control to prison officials on or before the deadline. Thompson v. State, 761 So.2d 324, 326 (Fla.2000); see also Gonzalez, 604 So.2d at 876.
The Department’s brief omits mention of Gonzalez (or Haag or Thompson), presumably because it assumes its administrative rule, Rule 33 — 103.006(2)(h)—which subsequent to Gonzalez created a means of delivering grievances and appeals internally within the Department — operates to nullify the prisoner mailbox rule for those inmates, such as Whitfield, who choose to place their legal papers directly in the U.S. mail system. The Department’s only mention of the prison mailbox rule is its assertion that its administrative rule “provides an inmate the opportunity to have his or her grievances receipted at the institution, thereby complying with the Prisoner Mailbox Rule.”
While the administrative rule provides one means for inmates to present their grievances to the Department, it is unclear whether its adoption was intended to be the exclusive means and thereby operate to override the judicially-created filing presumption that allows for the type of filing made by Whitfield in this case. See Gon *1214 zalez, 604 So.2d at 876. Due process concerns underlie the prisoner mailbox rule and the ability of those incarcerated to access the courts and, impliedly, the agency officials who act in a quasi-judicial capacity to resolve administrative grievances and appeals. Art. I, § 9, Fla. Const.; Gonzalez, 604 So.2d at 875-76. In this case, it seems odd that a prisoner, who timely placed his self-stamped appeal in the hands of prison officials, would be denied judicial review simply because he did so rather than placing it in a designated box for the Department to deliver it internally. A counter-point is that inmates are given a specified method of access that provides accountability; they take the risk when they choose to not utilize it; other arguments assuredly exist.
As noted, we need not decide this point of law today, an issue that was sidestepped by the Fourth District in Pedroza v. Tadlock, 705 So.2d 1005 (Fla 4th DCA 1998) (administrative rule inapplicable because it became effective after the date prisoner submitted his legal papers). But it merits resolution to eliminate uncertainty that may exist about the continued viability of Gonzalez.