IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DONALD WATERS,

    Appellant,

v.

DEPT. OF CORRECTIONS,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-3310

Opinion filed August 1, 2014.

An appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

Donald Waters, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Daniel A. Johnson, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Despite the assertion and presentation of evidence that appellant's formal grievance appeal was timely turned over to prison officials for mailing pursuant to the "prison mailbox rule" and Gonzalez v. State, 604 So. 2d 874 (Fla. 1st DCA 1992), the circuit court dismissed his petition for writ of mandamus to compel the

Department of Corrections (Department) to consider his grievance appeal on the merits. Finding that appellant failed to take advantage of an optional internal logging/tracking process and instead sent his grievance appeal through the U.S. mail which was receipted at the central office in Tallahassee after the deadline, the circuit court concluded appellant had "no clear legal right" to the issuance of a writ. See Hatten v. State, 561 So. 2d 562, 563 (Fla. 1990). For the same reasons expressed in Waters v. Dept. of Corrections, -- So. 3d -- (Fla. 1st DCA, Opinion filed this date), including the continued viability of Gonzalez, and because the Department failed to provide any evidence to rebut appellant's assertion of timely mailing, we reverse the order dismissing appellant's petition for writ of mandamus and remand for entry of the writ.

However, appellant also challenges the circuit court's refusal to appoint counsel, grant an injunction against retaliation, or otherwise address constitutional arguments raised in the petition, and the court's adoption of the Department's draft order. Other than as discussed above, we find no error in the circuit court's actions, agree that mandamus is not the proper remedy to address constitutional issues, and otherwise affirm the circuit court's orders.

REVERSED IN PART and REMANDED.

WOLF, PADOVANO, and RAY, JJ., CONCUR.

2