IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DONALD WATERS,

      Appellant,

v.

DEPT. OF CORRECTIONS,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-3483

Opinion filed August 1, 2014.

An appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

Donald Waters, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Daniel A. Johnson, Assistant Attorney
General, Tallahassee, for Appellee.

WOLF, J.

      Appellant appeals an order dismissing his petition for writ of mandamus for

failure to state a cause of action. We reverse that portion of the order which

determined that appellant did not have a clear legal right to the consideration of the

merits of his grievance appeal on the basis that his grievance appeal was untimely.

Appellant filed a petition for writ of mandamus with the circuit court seeking to compel the Department of Corrections (Department) to consider the merits of his grievance appeal that had been filed pursuant to Florida Administrative Code Rule 33-103.007, "Appeals and Direct Grievances to the Office of the Secretary." Appellant alleged that the Department returned his grievance appeal without action because it was received more than fifteen calendar days after the institutional response giving rise to the appeal. See Fla. Admin. Code R. 33-103.011(1)(c) ("Grievance Appeals to the Office of the Secretary – Must be received within 15 calendar days from the date the response to the formal grievance is returned to the inmate."). In its order returning the appeal, the Department speculated that appellant's failure to utilize the institution's grievance log/tracking process as outlined in Rule 33-103.006(8) of the Code, may have contributed to its untimeliness.

In his petition, appellant asserted that his grievance appeal was timely because he turned his appeal over to officials at his institution for mailing within the 15 day deadline.[1] As such, he argues the "Prison Mailbox Rule" adopted in

---

[1] Appellant's formal grievance was denied on September 19, 2012. The deadline for the Department to receive the appeal was 15 days later on October 4, 2012. Appellant dated his appeal September 28, obtained an institutional "legal mail" stamp dated September 28, had the appeal notarized September 28, and sent a follow-up letter to the Secretary on October 3 asserting an original mailing date of September 28. The Department marked the appeal received on October 5, one day late.

<u>Haag v. State</u>, 591 So. 2d 614 (Fla. 1992), and made applicable to inmate grievance appeals in <u>Gonzalez v. State</u>, 604 So. 2d 874 (Fla. 1st DCA 1992), should apply.[2]

In response to the circuit court's order to show cause why relief should not be granted, the Department argued that the rule establishing a procedure for mailing of grievances was set up so an inmate *could* comply with the mailbox rule and have the mail stamped as received at the institution rather than when it is actually received at the central office in Tallahassee.[3] The Department asserts that if an inmate chooses to bypass the grievance logging/tracking procedure and send it through the mail instead, the appeal is not deemed received until receipt at the central office. Finally, the Department argues that because inmates are not "required" to use the U.S. mail to submit a grievance appeal, <u>Gonzalez</u> does not apply and the grievance appeal would be untimely. Therefore, the Department argues, appellant did not have a "clear legal right" for the grievance appeal to be

---

[2] Of the myriad of issues raised in both the petition and in this appeal, only the timeliness issue is properly before the court on mandamus.

[3] The Department also argues that appellant lacked standing to challenge the process that found his appeal to be untimely. We find this argument wholly without merit. An inmate has a due process right to the agency complying with its own rules. A petition for writ of mandamus filed in the circuit court is the correct manner for an inmate to challenge a determination by the Department that a grievance appeal is untimely. <u>See, e.g.</u>, <u>Whitfield v. Dep't of Corrections</u>, 107 So. 3d 1210 (Fla. 1st DCA 2013); <u>Gonzalez v. State</u>, 604 So. 2d 874 (Fla. 1st DCA 1992).

considered by the Department. Adopting the Department's arguments, the circuit court dismissed appellant's petition.

An appeal from an order dismissing a petition for writ of mandamus is reviewed by this court de novo. Johnson v. McNeil, 978 So. 2d 847 (Fla. 1st DCA 2008). "One seeking a writ of mandamus must establish the existence of 'a clear legal right to the performance of a clear legal duty by a public officer and that ... no other legal remedies [are] available.'" Rivera v. Moore, 825 So. 2d 505, 506 (Fla. 1st DCA 2002) (quoting Hatten v. State, 561 So. 2d 562, 563 (Fla. 1990)). "'[A]lthough [a writ of mandamus] cannot be used to compel a public agency to exercise its discretionary powers in a given manner, it may be used to compel the agency to follow its own rules.'" Rivera, 825 So. 2d at 506 (quoting Williams v. James, 684 So. 2d 868, 869 (Fla. 2d DCA 1996)). This includes ensuring the Department complies with inmate grievance rules. Id.

In Crews v. Malara, 123 So. 3d 144 (Fla. 1st DCA 2013), this court reviewed the history of the prison mailbox rule in Florida:

> In Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the United States Supreme Court adopted the "mailbox rule" for incarcerated litigants and held that a petition or notice of appeal filed by pro se inmate was deemed filed at the moment in time when the inmate lost control over the document by entrusting its further delivery or processing to agents of the state. In Haag v. State, 591 So.2d 614 (Fla.1992), the Florida Supreme Court adopted the "mailbox rule." In Thompson v. State, 761 So. 2d 324 (Fla. 2000), the inmate was housed at a correctional institution which did not maintain outgoing mail logs. The Florida Supreme Court held that the

4

*presumption of timely filing by inmate existed if the legal document contained a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date and that the presumption shifted to the state the burden to prove that the document was not timely placed in prison officials' hands for mailing.* The Thompson court stated that, "[s]hould the State wish to have a means of verifying or objecting to an inmate's assertion that his or her pleading was actually placed in the hands of prison or jail officials on a particular date, we leave it to the State to create and implement the mechanism for doing so." Thompson, 761 So.2d at 326. The "mailbox rule" for inmate filings is now codified in rule 9.420(a)(2), Florida Rules of Appellate Procedure.

Malara, 123 So. 3d at 146 (emphasis added).

In Gonzalez, 604 So. 2d 874, this court applied the prison mailbox rule to inmate grievance appeals, holding:

For similar reasons predicated on the notions of simplicity and fairness [as stated in Haag], it is our opinion that the mailbox rule should not be limited solely to the filing of petitions or notices of appeal in court, but should instead be uniformly applied whenever a pro se inmate is required to use the U.S. mail to file documents within a limited jurisdictional time frame. Accordingly, in this particular instance, where an appeal from a grievance procedure must be received by the Department within 15 calendar days of the date of the institutional response, under the mailbox rule the appeal is deemed 'received' by the Department "at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state."

Id. at 875-6 (quoting Haag, 591 So. 2d at 617).

Subsequent to Gonzalez, the Department promulgated Rule 33-103.006(8) (emphasis added):

(8) Mailing Procedures. The warden or person designated in Rule 33-103.002, F.A.C., shall establish a procedure in the institution or facility under his supervision for processing those grievances that require mailing. *Inmates who are filing grievances that require mailing shall be required to utilize the procedure set forth in this rule when processing their grievances or appeals* to the reviewing authority of community facilities or the Bureau of Policy Management and Inmate Appeals in central office. The institution or facility shall provide postage for grievances submitted through this process. Procedures implemented shall include, at a minimum, the following:

(a) The establishment of an office through which grievances shall be processed.

(b) The establishment of a logging and tracking system to record and document receipt and mailing of inmate grievances.

(c) A requirement that the staff person designated to accept the grievance to be mailed shall:

1. Complete the receipt portion of Form DC1-303 for appeals being forwarded to central office by entering a log/tracking number and date of receipt and sign as the recipient.

2. Record receipt of the grievance in the institutional log. The staff person shall not read or classify the grievance.

3. Place the grievance in the mail through the institution or facility mail service within one workday.

(d) The inmate shall have his grievance ready for mailing at the time he turns it over to staff for processing as described in paragraph (c) above. Once this process has been completed, the grievance will not be returned to the inmate. If the inmate desires his grievance to be forwarded in a sealed envelope, the inmate shall provide to the staff a properly addressed envelope so that once the grievance is processed by staff, the grievance can be placed into the envelope and sealed for forwarding.

(e) *If the inmate elects to mail the grievance to central office directly and bypass the logging/tracking process, the inmate may submit his or her grievance in a sealed envelope to be placed in the institutional bulk mail that is to be mailed daily to central office.*

The Department argues that this rule effectively supplants the prison mailbox rule developed by Florida courts in the context of inmate grievance

6

appeals. The Department asserts that because the logging/tracking process avoids the vagaries of the U.S. mail, inmates are not "required" to utilize the U.S. mail, and <u>Gonzalez</u> is no longer good law. We must disagree.

In <u>Malara</u>, this court pointed out that because the Department had established a procedure for *legal mail* to track the date it changes hands for purposes of establishing jurisdictional timeframes as suggested in <u>Thompson</u>, "DOC has a mechanism to rebut the presumption that the inmate's assertion that his pleading was actually placed in the hands of prison or jail officials on a particular date." <u>Malara</u>, 123 So. 3d at 146.

Notably, the rule for legal mail *prohibits the use of mail drop boxes for outgoing legal mail.* Fla. Admin. Code. R. 33-210.102(8)(g). Because of this prohibition, there should always be an institutional date stamp on the inmate's legal mail if the inmate complies with the rule. However, it is not the existence of the rule or mechanism that rebuts the presumption that the document was placed in the mail on the date the inmate asserts, but the institutional stamp itself which the Department has taken steps to ensure is always in place. In <u>Malara</u>, it was the institutional date stamp that rebutted the presumption of an earlier date asserted in the certificate of service, not the mere fact that the Department had instituted the procedure. 123 So. 3d at 147.

Furthermore, the use of mail drop boxes is not prohibited for grievance appeals and other direct grievances. It is completely possible for an inmate to comply with the rule and still have a document that has not been date stamped by the institution. Unlike the procedure for legal mail, the Department has *not* created a procedure to ensure the application of a date stamp that could rebut the presumption of an inmate's assertion that a grievance appeal was timely placed into the hands of prison officials for mailing. There is a reason the Department allows inmates to bypass staff of the local institution in order to bring a grievance appeal or other direct filing to the Secretary's attention. In certain situations, an inmate may feel compelled to use U.S. mail. If an inmate exercises this option *available in the rule*, "notions of simplicity and fairness" should still apply and the inmate should have the benefit of the presumption.

In this case, appellant presented several pieces of evidence that he turned his appeal over to prison officials within the 15-day deadline. Appellant dated the appeal himself and obtained an institutional "legal mail" stamp.[4] Appellant followed up with a timely letter to the Secretary asserting the date on which he turned his appeal over to officials. Furthermore, it can be logically assumed that if

---

[4] Inexplicably, the Department and the circuit court ignored this date stamp, focusing instead on a notary stamp which only certifies the appellant's signature, not that he mailed the document on the asserted day. However, we do not wish to imply such a date stamp is the only way an inmate can "prove" the date of mailing in order to obtain the benefit of the presumption.

the Department received the grievance appeal in the U.S. mail one day after the deadline, appellant must have placed the appeal in the mail no later than the day before which was the last day of the deadline.[5] The only evidence the Department presented in rebuttal was that appellant did not take advantage of the logging/tracking procedure.

Having failed to present evidence that would rebut the presumption created by appellant's evidence, the Department failed to show cause why the petition should not be granted to compel consideration of appellant's grievance appeal on the merits. We, therefore, reverse the circuit court's dismissal of the petition and remand for entry of the writ.

However, appellant also challenges the circuit court's refusal to appoint counsel, grant an injunction against retaliation, or otherwise address constitutional arguments raised in the petition, and the court's adoption of the Department's draft order. Other than as discussed above, we find no error in the circuit court's actions, agree that mandamus is not the proper remedy to address constitutional issues, and otherwise affirm the circuit court's orders.

REVERSED IN PART and REMANDED with directions.

PADOVANO and RAY, JJ., CONCUR.

---

[5] Notably absent in this case is a copy of the envelope in which appellant mailed his appeal to the Department. An envelope with an untimely U.S. mail postmark may be evidence that would decrease the presumption that an inmate turned his appeal over to officials on the date he asserts.