IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CONRAAD L. HOEVER,

     Appellant,

v.

FLA. DEPT. OF CORRECTIONS,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5007

Opinion filed January 20, 2015.

An appeal from an order of the Circuit Court for Leon County.
Terry P. Lewis, Judge.

Conraad L. Hoever, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Daniel A. Johnson, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Conraad Hoever appeals an order dismissing his petition for writ of mandamus

as moot and for failure to properly exhaust his administrative remedies.  We reverse.

1

Appellant filed a series of grievances challenging a disciplinary report he received for possession of contraband. One of his formal grievances was denied by the warden on October 28, 2011. Appellant appealed this denial to the Office of the Secretary of the Department of Corrections (DOC). He dated his grievance appeal form November 8, 2011, and signed it. However, the bottom portion of the grievance form, labeled "Receipt for Appeals Being Forwarded to Central Office," was marked as submitted by appellant on November 15, 2011. The Office of the Secretary returned the grievance appeal without action, finding it was "received in non-compliance" with Florida Administrative Code Rule 33-103.014(1)(i), which provides that a grievance appeal must be received in the office within fifteen calendar days of the response to the formal grievance.

Appellant then filed a petition for writ of mandamus in the circuit court. He alleged that he placed his grievance appeal in the "grievance box" on November 8, 2011, that the grievance department at his correctional facility was not properly responding to inmate grievances, and that he should not be subjected to an unattainable policy based on the institution's deficiency. The circuit court dismissed the petition, finding that appellant had not properly exhausted his administrative remedies because he had not perfected his appeal at the Office of the Secretary. Moreover, the court found, the record clearly refuted appellant's allegation that he timely filed his grievance appeal on November 8, because it demonstrated that appellant did not give

the appeal to prison officials for mailing to the Office of the Secretary until November 15. The court found that appellant did not show that his grievance appeal was improperly handled, because he failed to overcome the presumption that public officials act properly in the performance of their duties, citing Purdy v. Mulkey, 228 So. 2d 132, 136 (Fla. 3d DCA 1969). Finally, the court found that any challenge to the grievance process at appellant's correctional facility was moot, as appellant had since been transferred to a new facility and was no longer subject to that grievance policy.

"An appeal from an order dismissing a petition for writ of mandamus is reviewed by this court de novo. 'One seeking a writ of mandamus must establish the existence of "a clear legal right to the performance of a clear legal duty by a public officer and that . . . no other legal remedies [are] available.""" Waters v. Dep't of Corr., 144 So. 3d 613, 615 (Fla. 1st DCA 2014) (citations omitted). "A petition for writ of mandamus filed in the circuit court is the correct manner for an inmate to challenge a determination that a grievance appeal is untimely." Id. at 615 n.3.

Under Florida Administrative Code Rule 33-103.007, an inmate may appeal the result of a formal grievance to the Office of the Secretary, and indeed, must take such an appeal to exhaust his administrative remedies. See, e.g., Jackson v. Parkhouse, 826 So. 2d 478, 479 (Fla. 1st DCA 2002). Florida Administrative Code Rule 33-103.006(8) contains the mailing procedures for such inmate grievances:

(8) Mailing Procedures. The warden or person designated in Rule 33-

3

103.002, F.A.C., shall establish a procedure in the institution or facility under his supervision for processing those grievances that require mailing. Inmates who are filing grievances that require mailing shall be required to utilize the procedure set forth in this rule when processing their grievances or appeals to the reviewing authority of community facilities or the Bureau of Policy Management and Inmate Appeals in central office. The institution or facility shall provide postage for grievances submitted through this process. Procedures implemented shall include, at a minimum, the following:

(a) The establishment of an office through which grievances shall be processed.

(b) The establishment of a logging and tracking system to record and document receipt and mailing of inmate grievances.

(c) A requirement that the staff person designated to accept the grievance to be mailed shall:

1. Complete the receipt portion of Form DC1-303 for appeals being forwarded to central office by entering a log/tracking number and date of receipt and sign as the recipient.

2. Record receipt of the grievance in the institutional log. The staff person shall not read or classify the grievance.

3. Place the grievance in the mail through the institution or facility mail service within one workday.

(d) The inmate shall have his grievance ready for mailing at the time he turns it over to staff for processing as described in paragraph (c) above. Once this process has been completed, the grievance will not be returned to the inmate. If the inmate desires his grievance to be forwarded in a sealed envelope, the inmate shall provide to the staff a properly addressed envelope so that once the grievance is processed by staff, the grievance can be placed into the envelope and sealed for forwarding.

(e) If the inmate elects to mail the grievance to central office directly and bypass the logging/tracking process, the inmate may submit his or her grievance in a sealed envelope to be placed in the institutional bulk mail that is to be mailed daily to central office.

(f) Upon receipt of a mailed grievance by the reviewing authority as defined in subsection 33-103.002(15), F.A.C., the following shall occur:

1. The decision of whether or not the grievance has been timely filed by the inmate shall be made based upon the following comparisons:

a. In the case of a formal grievance being filed, by comparing the

4

receipt date on Form DC1-303 to the response date of the informal grievance.

b. In the case of a grievance being filed directly at the institutional level, by comparing the receipt date on Form DC1-303 to the date of the incident or situation giving rise to the complaint.

2. The receiving office shall review the grievance and determine the classification of the grievance and enter the same on the receipt that is returned to the inmate.

3. The receiving office shall then process the grievance filed by the inmate in accord with the provisions set forth in Rule 33-103.006 or 33-103.007, F.A.C., as appropriate.

DOC argues in its brief that the process set out in this rule provides an inmate the opportunity to have his grievance receipted at the institution, so that the inmate's grievance will be deemed filed on the date on which it is received.[1] DOC argues that because the rule requires the receipting staff member to complete the receipt section upon receipt of the grievance, this section of the form is "dispositive of the fact that appellant did not hand over his grievance for mailing on November 8, 2011, as he claims."[2]

We disagree that the form clearly refutes appellant's allegation that he timely

---

[1]    The "mailbox rule" was extended to grievance appeals in <u>Gonzalez v. State</u>, 604 So. 2d 874, 876 (Fla. 1st DCA 1992): "[W]here an appeal from a grievance procedure must be received by the Department within 15 calendar days of the date of the institutional response, under the mailbox rule the appeal is deemed 'received' by the Department 'at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state.'" (quoting <u>Haag v. State</u>, 591 So. 2d 614, 617 (Fla. 1992)).

[2]    We note that the record does not contain a copy of the institutional log provided for in Florida Administrative Code Rule 33-103.006(8)(c)2.

submitted his grievance on November 8. In <u>Crews v. Malara</u>, 123 So. 3d 144, 146 (Fla. 1st DCA 2013), this court found that because DOC had "established a procedure for tracking the date that <u>legal mail</u> changes hands for purposes of establishing jurisdictional timeframes in court proceedings . . . DOC has a mechanism to rebut the presumption [established by] the inmate's assertion that his pleading was actually placed in the hands of prison or jail officials on a particular date." (Emphasis supplied.) Notably, the procedure for legal mail requires the prison staff member to date stamp outgoing legal mail in the inmate's presence, and have the inmate initial the stamp and seal the envelope in the staff member's presence. <u>Id.</u> (citing Florida Administrative Code Rule 33-210.102(8)(g)). In contrast, the procedure set out in Rule 33-103.006(8)(c) for receiving grievance appeals only requires the staff member to enter the date he or she received the grievance appeal. There is no initialing process to establish that the date of receipt is the same as the date the inmate places his appeal in the "grievance box." Thus, in the case of mailed inmate grievance appeals, unlike the process for legal mail, DOC has no mechanism to rebut the presumption that appellant timely handed over his grievance appeal for processing and mailing. <u>See</u> <u>Thompson v. State</u>, 761 So. 2d 324, 326 (Fla. 2000) ("[H]enceforth we will presume that a legal document submitted by an inmate is timely filed if contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date . . . . This presumption will shift the burden to the state to

prove that the document was not timely placed in prison officials' hands for mailing.").

The receipt initialed only by a prison staff member, outside of appellant's presence, does not necessarily refute petitioner's allegation that he submitted the grievance on November 8, but that prison officials did not mark it received until November 15. By simply offering the signed receipt, DOC did not rebut appellant's claim that he timely submitted his grievance appeal on November 8. Accordingly, appellant had the right to a response to his timely grievance appeal challenging his disciplinary report. We therefore reverse the circuit court's dismissal of the petition and remand for entry of the writ.

WOLF, CLARK, and SWANSON, JJ., CONCUR.