# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D17-3429

———————————————

WILLIAM J. BUCK,

    Appellant,

    v.

JULIE L. JONES, Secretary,
Florida Department of
Corrections,

    Appellee.

———————————————

On appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

November 13, 2018

PER CURIAM.

William J. Buck received a disciplinary report for possession of stimulants, and after denial of his grievance by the institution, he sought review with the Department of Corrections but his grievance appeal was returned to him as untimely. He petitioned the circuit court to compel the Department of Corrections to comply with its own rules regarding timeliness, but the circuit court denied relief. His certiorari petition in this Court is treated as an appeal. *See Rivera v. Moore*, 825 So. 2d 505, 506 (Fla. 1st DCA 2002) ("Appellant's petition filed in the trial court sought to compel the Department to comply with its own rules. . . . [T]his matter is appropriately treated as an appeal").

Inmates have a clear legal right to a response to a timely-appealed grievance challenging a disciplinary report. *Waters v. Department of Corrections*, 144 So. 3d 613, 615 n.3 (Fla. 1st DCA 2014) ("An inmate has a due process right to the agency complying with its own rules"; "[t]his includes ensuring the Department complies with inmate grievance rules."); *Hoever v. Fla. DOC*, 156 So. 3d 543, 544 (Fla. 1st DCA 2015) ("[A]ppellant had the right to a response to his timely grievance appeal challenging his disciplinary report.").

Buck's grievance appeal was timely submitted, as indicated by the dated grievance appeal and the legal mail date stamp from the Department; indeed, the Department concedes it was timely under *Waters*, 144 So. 3d 613 (finding the Department failed to rebut dated grievance appeal and legal mail stamp, which was evidence of timeliness) and *Hoever*, 156 So. 3d 543 (finding the Department failed to rebut the presumption that the grievance appeal was timely mailed).

Accordingly, we reverse the circuit court's dismissal of Appellant's Petition for Writ of Mandamus and remand for entry of an order compelling the Secretary of the Department of Corrections to consider the merits of Appellant's grievance appeal.

REVERSE and REMAND.

WETHERELL, MAKAR, and KELSEY, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

William J. Buck, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Brett Coleman, Assistant Attorney General, Tallahassee, for Appellee.

2