# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-639
_____

JAMES LEVOY WATERS,

    Appellant,

    v.

MARK INCH, Secretary, Florida
Department of Corrections,
Tallahassee, Florida; and GEO
GROUP, INC., Boca Raton,
Florida,

    Appellees.

_____

On appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

January 25, 2019

PER CURIAM.

James Levoy Waters (Appellant) appeals the dismissal of his petition for writ of mandamus. For the reasons that follow, we reverse.

In his mandamus petition, Appellant asserted that GEO Group, Inc., the private company that manages the correctional facility where he is housed, and the Secretary of the Florida Department of Corrections ("DOC") (collectively, Appellees) had an indisputable legal duty to follow the rules of chapter 33 of the

Florida Administrative Code that govern the impounding, safekeeping, and return of inmates' personal property and the investigation of claims of missing inmate property and that they failed to follow those rules. Specifically, he alleged in part that Appellees failed to list his folder containing eight depositions on the Inmate Impounded Personal Property List when his property was impounded upon his placement in administrative confinement, Appellees failed to return the folder to him upon his release from confinement, and Appellees failed to adequately investigate his claim during the grievance proceedings. Appellant showed he had exhausted his administrative remedies. Following the trial court's issuance of an order to show cause, each Appellee filed a response to the petition, denying that they ever received or had control over the alleged legal documents, and GEO further asserting that a diligent search confirmed that it does not possess the documents.

The trial court entered an Order Dismissing Petition for Writ of Mandamus, reasoning that (1) to the extent Appellant seeks to compel the return of allegedly lost legal documents, mandamus relief is unavailable because he has other adequate remedies available; (2) mandamus is not a proper remedy because a factual dispute exists concerning the inventorying, storing, and returning of Appellant's legal documents; and (3) to the extent Appellant requests monetary reimbursement for his legal documents, he is not entitled to relief because mandamus is not an appropriate vehicle for seeking monetary damages. This appeal followed.

We review the dismissal of a mandamus petition *de novo*. *Waters v. Dep't of Corr.*, 144 So. 3d 613, 615 (Fla. 1st DCA 2014). "In order to be entitled to a writ of mandamus, the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available." *Fla. Agency for Health Care Admin. v. Zuckerman Spaeder, LLP*, 221 So. 3d 1260, 1263 (Fla. 1st DCA 2017).

Appellant challenges in part the trial court's reasons for dismissal, which we will address in turn. The trial court's first stated reason for dismissal was the availability of other adequate remedies. However, mandamus may be used to compel an agency

2

to follow its own rules. *Waters*, 144 So. 3d at 615. Rule 33-602.201(7) governs impounded inmate property and provides in part that when it is necessary to impound an inmate's personal property, "that property shall be taken, handled, processed, and secured in a manner that will safeguard it from loss, damage, destruction, or theft while it is under the control of the department." Fla. Admin. Code R. 33-602.201(7)(a). An inmate's property "will be inventoried according to the following procedure on Form DC6-220, Inmate Impounded Personal Property List, and, whenever practical, in the presence of the inmate." Fla. Admin. Code R. 33-602.201(7)(b). "The inventory shall specifically list and identify each item or each group or package of personal items such as letters, legal papers, etc. as an assortment on Form DC6-220." Fla. Admin. Code R. 33-602.201(7)(b)1.

"Grievances concerning lost personal property shall be processed according to the provisions of [chapter 33] and paragraphs 33-602.201(14)(a) through (e), F.A.C." Fla. Admin. Code R. 33-103.010. "Any request for compensation or replacement of missing items shall be initiated via the inmate grievance process by the inmate whose property is missing." Fla. Admin. Code R. 33-602.201(14)(a). "If the grievance is approved, the assistant warden or other designee of the warden shall conduct an investigation of the loss." Fla. Admin. Code R. 33-602.201(14)(b). "The degree of investigation is determined by the complexity of the issue and the content of the grievance." Fla. Admin. Code R. 33-103.007(6)(e).

Accordingly, we, as well as other courts, have deemed mandamus to be a proper vehicle for seeking the return of inmate property, including legal documents. *See Hill v. Crews*, 109 So. 3d 267, 267-68 (Fla. 1st DCA 2013) (reversing the dismissal of claims regarding a bank book and legal documents in a mandamus petition seeking to compel the DOC to follow its rules governing missing inmate property); *see also Brown v. State*, 913 So. 2d 27, 28 (Fla. 3d DCA 2005) (reversing the denial of the mandamus petition that sought the return of legal documents that were lost or misplaced by the correctional institution and remanding with instruction to have the missing documents returned without cost to the appellant); *Tweed v. Sistrunk*, 697 So. 2d 888, 889 (Fla. 5th DCA 1997) (reversing in part the denial of the mandamus petition

3

seeking the return of improperly withheld property upon disagreeing with the appellee that "Title 33 of the Florida Administrative Code does not afford appellant a right to his property insofar as it is authorized and he has storage space available"). Thus, the trial court's first reason for dismissal was erroneous because mandamus is the proper vehicle for seeking to compel Appellees to follow their rules and return Appellant's legal documents.

The trial court further reasoned that mandamus is not a proper remedy because a factual dispute exists. The trial court specifically determined that "resolution of this case would require testimony and an evidentiary hearing to resolve questions of fact." As we have stated, however, if a mandamus petition and response raise disputed issues, "the trial court must resolve those issues upon evidence submitted by the parties" and the court "errs in denying a petition unless there is sworn evidence refuting the petitioner's allegations." *Tracy v. State*, 219 So. 3d 958, 959 (Fla. 1st DCA 2017); *see also Williams v. State*, 163 So. 3d 618, 620 (Fla. 4th DCA 2015) (explaining the same and instructing the trial court on remand that if the response does not resolve the factual dispute, the court should hold an evidentiary hearing). As such, the trial court erred in dismissing the petition after determining that questions of fact remained; instead, it should have held an evidentiary hearing.

The trial court's final reason for dismissal was that to the extent Appellant is seeking monetary reimbursement for his legal documents, mandamus is not an appropriate vehicle for seeking monetary damages. The court cited *Newsome v. Singletary*, 637 So. 2d 9 (Fla. 2d DCA 1994), *receded from on other grounds, Stovall v. Cooper*, 860 So. 2d 5 (Fla. 2d DCA 2003), and *Flournoy v. Moore*, 752 So. 2d 35 (Fla. 1st DCA 2000), in support. Unlike the appellants in those cases, Appellant here did not pray for relief in the form of money damages. Additionally, *Flournoy* and *Newsome* involved habeas petitions. As we have explained, mandamus is the proper vehicle for seeking to compel an agency to follow its rules and for seeking the return of inmate property. In fact, rule 33-602.201(7) governs the impounding of inmate property, and rule 33-602.201(14) sets forth the procedures to be followed when an inmate's property cannot be located and specifically provides

4

that "[a]ny request for compensation or replacement of missing items shall be initiated via the inmate grievance process." Thus, the trial court's third reason for dismissal was likewise invalid.

Therefore, we reverse the order dismissing the petition and remand for further proceedings.

REVERSED and REMANDED.

WOLF, LEWIS, and WETHERELL, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

James Levoy Waters, pro se, Appellant.

Ashley B. Moody, Attorney General, and Kristen J. Lonergan, Assistant Attorney General, Tallahassee, for Appellee Mark Inch, Secretary, Florida Department of Corrections; Scott J. Seagle of Coppins Monroe, P.A., Tallahassee, for Appellee GEO Group, Inc.