FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA
No. 1D2024-0259

WILLIAM D. WILLIAMS,

    Appellant,

    v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

February 26, 2025

B.L. THOMAS, J.

Williams challenges the dismissal of his petition for writ of mandamus seeking the return or replacement of personal property impounded when he was placed in disciplinary confinement in the Department of Corrections. The trial court dismissed his petition based on a failure to exhaust administrative remedies and stated he was not entitled to mandamus relief because he had other available remedies such as a tort or replevin action.

This court has held "the trial court's first reason for dismissal [the availability of other adequate remedies] was erroneous because mandamus is the proper vehicle for seeking to compel Appellees to follow their rules and return Appellant's legal

documents." *Waters v. Inch*, 266 So. 3d 1216, 1218 (Fla. 1st DCA 2019).

Additionally, Williams sufficiently exhausted his administrative remedies. The Department generally provides a three-step grievance procedure. First, an inmate must normally file an informal grievance. Fla. Admin. Code 33-103.005. If the issue is not resolved, the inmate must then file a formal grievance at the institutional level. Fla. Admin. Code 33-103.006. If the matter is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the FDOC. Fla. Admin. Code 33-103.007. Administrative remedies are exhausted at the completion of this final step of the grievance process. *See Jackson v. Parkhouse*, 826 So. 2d 478, 479 (Fla. 1st DCA 2002) (stating that where inmate submitted informal grievance but did not follow up with formal grievance and with administrative appeal to the Secretary of the Department, he did not exhaust administrative remedies prior to initiating action in court).

The record shows that Williams submitted an informal grievance, formal grievance, and an appeal of his grievance regarding his property he alleged to be missing. The formal grievance and appeal were returned without action allegedly because the Department treated his statement that he did not receive a response to his informal grievance as a new claim, which was not informally grieved.

Because the trial court's reasons for dismissing the petition are invalid, we reverse the order dismissing the petition and remand for further proceedings.

REVERSED and REMANDED.

RAY and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

William D. Williams, Appellant, pro se.

Charles Thomas Martin, Jr., Assistant General Counsel, Department of Corrections, Tallahassee, for Appellee.